# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 26-345C
(Filed: March 19, 2026)

|  |  |
|---|---|
| **AARON C. MAZIE**, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES**, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

*Aaron C. Mazie*, Upper Darby, PA, pro se.

*Albert S. Iarossi*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With him on the brief were *Brett A. Shumate*, Assistant Attorney General, and *Patricia M. McCarthy*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

**ORDER**

This action is the latest in an unrelenting series of lawsuits filed by pro se plaintiff Aaron C. Mazie in this and other federal courts. *See Mazie v. United States*, No. 26-345, 2026 WL 747037, at *1 (Fed. Cl. Mar. 13, 2026) ("Mr. Mazie has filed at least twenty-three other lawsuits in federal courts in just the last year, including three others in [the United States Court of Federal Claims] that were all dismissed at the pleading stage." (collecting cases)).

Mr. Mazie has not yet paid the $405 in filing fees required to maintain this lawsuit. He instead sought leave to proceed *in forma pauperis* (IFP), which the Court denied. ECF 19. Mr. Mazie moved for reconsideration of the Court's order denying his IFP application, which the Court again denied. ECF 20. Despite Mr. Mazie's failure to pay the required fees and the Court's denial of his IFP application, Mr. Mazie continues to submit documents to the Court. Since initiating this lawsuit less than three weeks ago, he has submitted nineteen separate filings to the Court (some attaching several documents) only one of which responded to a filing by the

government.  Several submissions have been inexplicable.  For instance, Mr. Mazie sent the Court a "Whitepaper for Reclassification: The State of 'Israel' as the Political Entity of 'Likud,'" with no explanation of its relevance to this matter.  ECF 2 at 5–9. He also "'presented' the Court with 'gold-denominated private certificates and goldback [sic] instruments' and [then] submit[ted] a stack of fifty purported $1 million bills in novelty money featuring Dr. Martin Luther King, Jr." in what the Court surmises was an attempt to pay the required filing fees.  *Mazie*, 2026 WL 747037, at \*1 n.2.  Submissions such as these waste the Court's limited time and resources.

Mr. Mazie may continue prosecuting his purported claims against the government.  But in doing so, he—like every litigant—must comply with the Court's rules and orders.  Given the denial of his IFP application, one such rule is that he must pay the Court's filing fees.  RCFC App'x E ¶ IV(8).  Because he has not done so, consistent with the Court's previous orders (ECF 7, 10), the Court will not consider the merits of his two most recently filed motions: (1) "motion for reconsideration *ex mero motu*, asserting equitable estoppel, laches, and manifest injustice regarding denial of [IFP] status" (ECF 22); and (2) "emergency motion to compel IFP, declare waiver, and order payment of monetary relief" (ECF 23).  Both are denied without prejudice.[1]

Moreover, "[e]-mail filing privileges may be revoked by the court at any time." RCFC App'x E ¶ IV(9)(b)(iv).  Mr. Mazie has abused the privilege and, as explained by the Court in denying his prior request to reconsider granting him IFP status, "Mr. Mazie is a vexatious litigant exhausting limited judicial resources in multiple fora with frivolous lawsuits and filings."  ECF 20 at 2.  The Court will therefore revoke his email filing privileges.[2] *Cf. Miller v. United States*, No. 25-949, 2025 WL 1720777, at \*3 (Fed. Cl. June 20, 2025).  From now on, Mr. Mazie may submit only paper filings to the Court, either by U.S. Mail or by deposit in the Court's night box (located at the garage entrance on H Street NW, between 15th Street NW and Madison Place NW in Washington, DC).  Mr. Mazie is further placed on notice that if he continues submitting frivolous documents, the Court will issue an order to show cause as to why he should not be sanctioned.

For the foregoing reasons,

(1) Plaintiff's "motion for reconsideration *ex mero motu*, asserting equitable estoppel, laches, and manifest injustice regarding denial of [IFP] status" (ECF 22) is **DENIED** without prejudice;

---

[1] On March 17, 2026, Mr. Mazie also submitted what he calls a "supplemental jurisdictional clarification, assertion of preclusion doctrines, and notice of estoppel regarding proprietary frameworks and gold certificates," which the Clerk of Court properly rejected as defective.

[2] The Court may restore Mr. Mazie's email filing privileges at a later date should he demonstrate a sustained commitment to complying with the Court's rules and orders.

(2) Plaintiff's "emergency motion to compel IFP, declare waiver, and order payment of monetary relief" (ECF 23) is **DENIED** without prejudice;

(3) Plaintiff's email filing privileges are **REVOKED** effective immediately;

(4) The Clerk of Court is directed to **REVOKE** plaintiff's email filing privileges effective immediately;

(5) From the entry of this order until further order of the Court, the Clerk of Court is directed to **REJECT** any documents plaintiff attempts to file via email;

(6) The Clerk of Court directed to **REJECT** plaintiff's "supplemental jurisdictional clarification, assertion of preclusion doctrines, and notice of estoppel regarding proprietary frameworks and gold certificates," received on March 17, 2026;

(7) The Clerk of Court is directed to **REJECT** all future submissions in this matter that are not in compliance with the Court's rules and orders; and

(8) Per the Court's March 5, March 6, March 9, March 13, and March 17, 2026 orders (ECF 7, 10, 12, 19, 20), the **April 6, 2026** deadline for plaintiff to pay $405 in fees remains in effect, and plaintiff's failure to meet that deadline will result in dismissal of this action for failure to prosecute under RCFC 41(b).

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge

3